THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-000459-MR

| | |
|---|---|
| LEONARDO ROQUE, ) ) Petitioner, ) ) vs. ) ) ) ERIK A. HOOKS, Secretary, North ) Carolina Dept. of Public Safety, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Respondent's Motion to Dismiss on Statute of Limitations Grounds. [Doc. 12].

## I. PROCEDURAL BACKGROUND

Leonardo Roque ("the Petitioner"), a prisoner of the state of North Carolina, was convicted in Mecklenburg County Superior Court to first-degree rape after pleading guilty to the charge on February 23, 2015. [Doc. 1 at 1-2]. The trial court sentenced the Petitioner to 144 to 233 months' imprisonment. [Id.]. The Petitioner did not file a direct appeal.

On February 8, 2018, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court on grounds that counsel was ineffective for improperly advising him to plead guilty,

1

conducting an inappropriate investigation, and not asking for medical evidence. [Doc. 13-6]. The trial court denied the MAR on May 16, 2018. [Doc. 13-7]. The Petitioner sought certiorari review in the North Carolina Court of Appeals, which the appellate court dismissed on June 25, 2018. [Docs. 13-8, 13-9]. The Petitioner filed additional documents in the appellate court labeled as a petitioner for writ of certiorari on July 23, 2018, which the appellate court dismissed on July 27, 2018. [Docs. 13-10, 13-11].

The Petitioner filed a motion for post-conviction relief on July 30, 2019 raising a claim of violation pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and requesting DNA testing. [Doc. 13-12]. The trial court denied the motion on August 20, 2019. [Doc. 13-13]. The Petitioner sought certiorari review in the appellate court, which was denied on September 26, 2019. [Docs. 13-14, 13-15].

The Petitioner filed his § 2254 habeas petition on August 21, 2018 and an amended petition on November 5, 2019. [Docs. 1, 4]. The Petitioner raises ineffective assistance of counsel and prosecutorial misconduct based on violation of Brady v. Maryland, 373 U.S. 83 (1963), and argues that his plea agreement was breached and should be voided for "indefiniteness." [Id.]. The Respondent moves for dismissal of the § 2254 petition on grounds that it is barred by the statute of limitations under 28 U.S.C. § 2244(d)(1) and

2

in the alternative, barred by failure to exhaust administrative remedies. [Docs. 12, 13]. The Petitioner has responded to the Motion to Dismiss [Doc. 21] and the Respondent filed a Reply [Doc. 22]. This matter is now ripe for review.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed application for State post-conviction action. 28 U.S.C. § 2244(d)(2).

## III. DISCUSSION

### A. STATUTE OF LIMITATIONS

The Respondent moves for dismissal of the § 2254 petition on grounds that it is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). [Doc. 12].

The Petitioner's initial judgment and conviction was entered in the trial court on February 23, 2015. [Doc. 1 at 1-2]. Because the Petitioner did not file a direct appeal, his conviction became final fourteen days later on March 9, 2015 when the time for seeking appellate review expired. See N.C. R.App. 4(a)(2)(providing 14 days in which to file notice of appeal of criminal judgment). The Petitioner then had one year until March 8, 2016 in which to timely file his petition for writ of habeas corpus under 28 U.S.C. § 2254. See § 2244(d)(1)(A).

The one-year limitation period may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2). Although the Petitioner filed a MAR in state court seeking post-conviction relief, he did not do so until February 8, 2018—almost three years after his judgment and conviction became final. [Doc. 13-6]. The Petitioner's

post-conviction MAR did not toll the one-year limitations period for seeking § 2254 review because the Petitioner filed the MAR after the limitations period had expired. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Therefore, the Petitioner's § 2254 petition filed in this Court on August 21, 2018 was well beyond the statute of limitations and is subject to dismissal unless the Petitioner can show that he is entitled to equitable tolling.

### B.　EQUITABLE TOLLING

The Petitioner does not dispute that he untimely filed his § 2254 petition. However, he alleges that his petition is subject to equitable tolling due to the misconduct of trial counsel. [Doc. 6 at 1-2, Doc. 21 at 5-7]. The Petitioner claims he was unaware of his ability to seek habeas relief because his attorney incorrectly informed him that he "had no right to file any motions after his plea, neglecting to inform him of his right to challenge the plea based on Ineffective Assistance of Counsel." [Doc. 6 at 4]. The Petitioner states that "he has been prevented from filing in the proper time due to the egregious ineffectiveness and misconduct of his counsel." [Doc. 21 at 5].

Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has

5

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

The Petitioner has not met his burden to demonstrate that equitable tolling applies to excuse his untimely § 2254 filing. The cases relied upon by the Petitioner involving examples of extraordinary circumstances caused by egregious misconduct of counsel are distinguishable from the instant case. See Baldayaque v. United States, 338 F.3d 145, 152-153 (2d Cir. 2003)(equitable tolling justified by extraordinary circumstances where trial counsel failed to file post-conviction motion despite being specifically directed by client's representatives, did no legal research on client's case despite informing client it was "too late" to file § 2255 motion, never met or spoke to client, and made no effort to locate client); United States v. Martin, 408 F.3d 1089 (8th Cir. 2005)(equitable tolling justified by extraordinary circumstances where trial counsel failed to return over 40 telephone calls

6

from client's wife, failed to attend two appointments with client's wife, refused to accept phone calls from client's family, ignored client's demand for return of documents, and repeatedly lied to client and client's wife regarding § 2255 filing deadline by telling them no deadline existed and that motion had been filed when it had not); Spitsyn v. Moore, 345 F.3d 796, 801-802 (9th Cir. 2003)(equitable tolling justified by extraordinary circumstances where trial counsel was hired one-year in advance of the habeas deadline but failed to file petition despite client and client's mother repeatedly contacting counsel by telephone and in writing, and retaining client's file two months after the limitations period expired despite client's request the file be returned). [Doc. 21 at 4-5].

The Petitioner has not alleged the level of detailed egregious conduct exhibited by the attorneys in the above-cited cases. The Petitioner's claim that counsel informed him that he had no right to file any motions after his plea does not constitute the type of extraordinary circumstances or egregious misconduct to justify the application of equitable tolling. The fact that the Petitioner's counsel filed a post-conviction relief motion on the Petitioner's behalf on June 19, 2015 seeking jail credit should have put the Petitioner on notice of his ability to file post-conviction motions. [Doc. 13-16]. The Petitioner fails to demonstrate that he diligently pursued his rights

7

and cannot satisfy his burden for equitable tolling. As such, equitable tolling does not apply to excuse the untimely filing of the § 2254 petition and it shall be dismissed.

### C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Respondent moves in the alternative to dismiss the § 2254 petition on grounds that the Petitioner failed to exhaust his administrative remedies. [Doc. 13 at 11-17]. However, because the § 2254 petition is untimely filed as set forth above, it is not necessary to address the Respondent's exhaustion argument.

### IV. CONCLUSION

For the reasons stated herein, the Respondent's Motion to Dismiss [Doc. 12] is granted. The § 2254 petition is untimely and barred by the statute of limitations and the Petitioner fails to establish that he is entitled to equitable tolling.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

(1). The Respondent's Motion to Dismiss on Statute of Limitations Grounds filed on January 22, 2021 [Doc. 12] is **GRANTED** and the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] and Amended Petition for Writ of Habeas Corpus [Doc. 4] are **DISMISSED** as untimely.

(2). The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**.

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge