THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-000459-MR

| | |
|---|---|
| LEONARDO ROQUE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS, Secretary, North ) | |
| Carolina Dept. of Public Safety, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon remand from the Fourth Circuit Court of Appeals for the limited purpose of allowing this Court to determine whether Petitioner Leonardo Roque ("the Petitioner") is entitled to reopening of the appeal period. [Doc. 31].

On October 27, 2021, this Court entered an Order granting the Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus [Doc. 1] and Amended Petition for Writ of Habeas Corpus [Doc. 4] as untimely filed and barred by the statute of limitations. [Doc. 23]. The Petitioner did not file his Notice of Appeal until January 10, 2022, after the 30-day appeal period expired. [Doc. 25]. The Petitioner states that he did not receive the dismissal Order until December 3, 2021, was misadvised by this Court as to the steps

he needed to take to perfect his appeal, and had difficulty obtaining access to a notary public. [Doc. 25-1].

In its May 24, 2022 Order, the Fourth Circuit Court of Appeals remanded this case for the limited purpose of allowing this Court to determine whether the Petitioner demonstrated good cause or excusable neglect and if the appeal period should be reopened or extended pursuant to Fed. R. App. P. 4(a)(5), (6). [Doc. 31].

This Court will therefore require the parties to submit affidavits along with any supporting documentation concerning the following:

1) The date on which the Petitioner received the Court's October 27, 2021 dismissal Order [Doc. 23];

2) The date on which the Petitioner delivered his Notice of Appeal [Doc. 25] to prison officials for mailing;

3) Any logs, copies of date-stamped envelopes, or other records of prisoner mail that contain a record of the Petitioner's receipt of the Court's October 27, 2021 dismissal Order [Doc. 23] and record of the date of mailing of the Petitioner's Notice of Appeal [Doc. 25];

4) What was communicated by this Court that the Petitioner contends was misinformation regarding the appeal and how and when such was communicated; and

5) Any other records or information that may assist the Court in making its determination of whether the Petitioner should be entitled to the reopening of the appeal period.

2

The Petitioner is advised that an affidavit is a written statement under oath; that is, a statement prepared in writing and sworn to by a notary public. In the alternative, an unsworn statement, made and signed under penalty of perjury, may also be submitted.

**IT IS, THEREFORE, ORDERED** that the parties shall file affidavits within thirty (30) days of the date of this Order in accordance with the terms of this Order.

Failure of the Petitioner to respond in accordance with this Order will result in this Court determining on limited remand that the Petitioner's Notice of Appeal was untimely filed and that he is not entitled to the reopening of the appeal period.

**IT IS SO ORDERED.**

Signed: June 9, 2022

Martin Reidinger
Chief United States District Judge