THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-000459-MR

| | |
|---|---|
| LEONARDO ROQUE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>ERIK A. HOOKS, Secretary, North )<br>Carolina Dept. of Public Safety, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon remand from the Fourth Circuit Court of Appeals for the limited purpose of allowing this Court to determine whether Petitioner Leonardo Roque ("the Petitioner") is entitled to reopening of the appeal period. [Doc. 31].

**I.     PROCEDURAL BACKGROUND**

On October 27, 2021, this Court entered an Order granting the Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus [Doc. 1] and Amended Petition for Writ of Habeas Corpus [Doc. 4] as untimely filed and barred by the statute of limitations. [Doc. 23]. The Petitioner did not file his Notice of Appeal until January 10, 2022, after the 30-day appeal period expired. [Doc. 25]. The Petitioner states that he did not receive the dismissal

Order until December 3, 2021, was misadvised by this Court as to the steps he needed to take to perfect his appeal, and that he had difficulty obtaining access to a notary public. [Doc. 25-1].

The Fourth Circuit Court of Appeals remanded the case for the limited purpose of allowing this Court to determine whether the Petitioner demonstrated good cause or excusable neglect and if the appeal period should be reopened or extended pursuant to Fed. R. App. P. 4(a)(5), (6). [Doc. 31]. In accordance with the remand, the Court directed the parties to submit affidavits and supporting documentation addressing the Petitioner's claims regarding his untimely appeal. [Doc. 32].

## II. DISCUSSION

The Petitioner filed his response on July 11, 2022. [Doc. 35]. The documents submitted by the Petitioner show that counsel mailed a copy of the Court's October 26th dismissal Order to the Petitioner at Foothills Correctional Institution by letter dated November 3, 2021, advising the Petitioner of the deadline for appeal. [Doc. 35-1 at 4]. A follow-up letter from counsel to the Petitioner dated December 9, 2021 explains that due to the Petitioner being transferred from Foothills Correctional Institution to Southern Correctional Institution on November 8th, the letter did not reach the Petitioner and was re-sent to the Petitioner on November 29th. [Doc. 35-

1 at 5]. The Petitioner provides a copy of the institution mail log showing that the correspondence from counsel was received on December 2, 2021. [Doc. 35-1 at 6].

The Respondent submitted its response on July 13, 2022. [Doc. 36].[1] The prison mail logs submitted by the Respondent show that the Petitioner did not receive a copy of the Court's October 26th dismissal Order at Foothills Correctional Institution. [Doc. 36-1 at 2-4]. The prison mail log for Southern Correctional Institution shows that the first legal mail received by the Petitioner following the Court's October 26th dismissal Order was from his counsel on December 2, 2021. [Id. at 2-9].

Based on the parties' filings, it appears that the Petitioner did not receive notice of the Court's October 26th dismissal Order until December 2, 2021, after expiration of the 30-day time period in which to appeal.

A district court has the discretion to reopen the appeal period if it finds that: (1) a party entitled to notice of entry of judgment did not receive notice within twenty-one days after entry; (2) the party moved to reopen the appeal period within 180 days of judgment or within fourteen days of receiving notice

---

[1] The Respondent moves for an extension of time to July 15, 2022 in which to submit its response to the Court's show cause Order. [Doc. 34]. The Respondent filed its response on July 13, 2022 and asks the Court to accept the response as timely filed. [Doc. 36]. For good cause shown, the Court grants the Respondent's motion for extension of time and deems the response [Doc. 36] to be timely filed.

of judgment, whichever is earlier; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6).

The documents submitted by the parties show that the Petitioner was transferred to a different facility in and around the time the Court's order was issued, that a copy of the correspondence from the Petitioner's counsel providing a copy of the dismissal Order was not received by the Petitioner and was returned to counsel, and that the Petitioner did not receive a copy of the Court's dismissal Order until December 2, 2021. The Petitioner's mail did not timely reach him and this prevented him from receiving a copy of the dismissal Order within the time to file a notice of appeal.

The Petitioner has shown good cause for an extension of the appeal period, has satisfied the conditions of Fed. R. App. 4(a)(6), and the Court finds that no party would be prejudiced. Accordingly, the Court grants Petitioner's request that his Notice of Appeal be timely accepted and deems the Notice of Appeal to have been timely filed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's request that his Notice of Appeal be accepted as timely is **GRANTED** and the Petitioner's Notice of Appeal [Doc. 25] shall be deemed to have been timely filed.

**IT IS FURTHER ORDERED** that the Respondent's Motion for Extension of Time [Doc. 34] and Motion to be Deem Timely Filed [Doc. 36]

are **GRANTED** and the Respondent's Response filed on July 13, 2022 [Doc. 36] is deemed to be timely filed.

**IT IS SO ORDERED.**

Signed: November 11, 2022

Martin Reidinger
Chief United States District Judge